[S. F. No. 2006.   Department One.—April 28, 1902.]

JULIA MURPHY, Respondent, v. E. COPPIETERS et al., Appellants.

ACTION FOR DEATH—NEGLIGENCE OF SERVANT OF DEFENDANTS—NEW TRIAL—PROOF OF EMPLOYMENT—ADMISSION OF ANSWER.—In an action for the negligent killing of plaintiff's son by the action of the servant of the defendant, engaged in fastening an iron ladder in place by means of iron anchors, one of which was caused to drop down a shaft upon the deceased, resulting in his death, it cannot be urged as ground of new trial that there was no proof of the employment of such servant by the defendant, where the answer expressly admitted that he was engaged as their employee in the construction of the iron ladder.

ID.—PROOF NOT REQUIRED—ESTOPPEL OF DEFENDANTS—INSTRUCTION UPON ADMITTED FACT.—No proof was required of the fact expressly admitted in the answer of the defendants, nor would the defendants be permitted to deny such admission; and an instruction to the jury was properly based upon that admitted fact.

ID.—ACTION AGAINST COPARTNERS—INDIVIDUAL DEFENDANTS—TORT.— It was not necessary that the action should be brought against the defendants as copartners, by their firm name, but they were properly sued individually for the alleged tort. This rule applies, even where the tort was committed by a servant of the firm.

ID.—CONCESSION OF DEATH FROM INJURY—FURTHER PROOF—TESTIMONY OF PHYSICIAN.—Where the defendants' attorney conceded that the plaintiff's son died from the alleged injury received, they cannot be prejudiced by further proof of that fact by the testimony of a physician that the wound received on the head was of a nature liable to cause death.

ID.—EXAMINATION OF WITNESS—INDIRECT ANSWER—COMPETENT EVIDENCE—REFUSAL TO STRIKE OUT.—An indirect answer to a question proposed to a witness as to where the servant of the defendants was working with reference to the position occupied by the deceased when killed, which was a statement from his own knowledge and observation that he was working directly over where the deceased was struck, was competent evidence, which it was not error to refuse to strike out.

ID.—REQUESTED INSTRUCTION—DAMAGES—COMPENSATION TO HEIRS.— In an action by a mother for the death of her son, which was brought to compensate herself alone, and not her heirs, it was proper to reject a requested instruction that "the law does not contemplate that the damages awarded to the plaintiff, if any are awarded her, should be a compensation to her heirs, or to any other person or persons."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.

C. H. Wilson, for Appellants.

Henry Mayenbaum, and R. R. Bigelow, for Respondent.

GRAY, C.—This action was brought by plaintiff for the negligent killing of her son by defendants while said son was at work as a plumber in the Call Building on the thirtieth day of September, 1897. The son was at work in a certain shaft at the rear of the elevator shaft on the second floor. In the same shaft, above, at about the seventeenth floor, an employee of appellants named Johnson was engaged in fastening an iron ladder in place by means of iron anchors, and the evidence indicates that it was by Johnson dropping one of these anchors down the open shaft that the son came to his death. The plaintiff, upon a trial and verdict in her favor for $2,250, had judgment for that amount. The appeal is from this judgment and from an order denying a new trial.

1. The first point made on the appeal is, that there was no evidence to show that Johnson was in the employ of appellants at the time of the injury. This point is not tenable, in view of the first allegation of appellants' answer as follows:—

"These defendants deny that on the thirtieth day of Sep-

tember, 1897, or on any other day, the defendants, or any, or all of them, except as hereinafter appears, were engaged in the construction of an iron stairway or ladder in the building known as the Call or Claus Spreckels Building. . . . And in that behalf these defendants allege that on or about the thirtieth day of September, 1897, the defendants E. Coppieters, J. T. McCormick, and St. John E. McCormick, were copartners doing business in the said city and county of San Francisco, under the firm name and style of the California Artistic Metal and Wire Company; that on said day the said copartnership were engaged, as independent contractors, in the construction of an iron ladder in a certain shaft or pipe-well in that certain building then in the course of erection at the southwest corner of Market and Third streets in the said city and county of San Francisco, which said building is now known as the Claus Spreckels Building; that on said day the defendant Martin Johnson was employed by said co-partnership, and was engaged by them, and as their employee was at work in the construction of said iron ladder at a point in said building at or between the seventeenth and eighteenth floors thereof.''

The complaint charged ''that through the negligence and carelessness of the defendants and their servants, a piece of iron fell, and was negligently and carelessly caused by the defendants to fall,'' etc. It is clear from an inspection of these pleadings that when they were drawn the appellants had no thought of avoiding responsibility for the death of Murphy on any theory that Johnson was not their servant, but that he was their servant in the work in the performance of which the death was caused is affirmatively pleaded by them in a verified answer. A new trial can hardly be granted for failure to prove a fact so clearly admitted by appellants. ''A party who, formally and explicitly, admits by his pleading that which establishes the plaintiff's right, will not be suffered to deny its existence, or to prove any state of facts inconsistent with that admission. No application was made to the court to be relieved from the effect of this admission, or to weaken or modify its full import. After such an admission it was not necessary for the plaintiff to prove it, nor would it be permitted to the defendant to deny it.'' (*Paige* v. *Willet,* 38 N. Y. 31; see, also, *McCreery* v. *Everding,* 44 Cal. 284;

*Jones* v. *Spears,* 47 Cal. 20.) It having been admitted, then, that Johnson was in the employ of appellants, and there being evidence to go to the jury tending strongly to show that while so admittedly engaged in the service of appellants he negligently let fall an iron appliance and killed Murphy, his employers were liable for his negligence in that regard, whether they were present at the time or not.

Nor was it necessary to bring suit against appellants as co-partners, for when a cause of action for tort exists against a copartnership the several partners may be sued individually, if so preferred. We quote from Lindley on Partnership (page 283): "Supposing a tort to be imputable to a firm, an action in respect to it may be brought against all or any of the partners. If some of them only are sued, they cannot insist upon the other partners being joined as defendants, and this rule applies even where the tort in question is committed by an agent or servant of the firm, and not otherwise by the firm itself."

2. That Murphy died of the injury alleged in the complaint was conceded by attorney for appellants upon the trial; further testimony on the subject after such a concession was perhaps immaterial, but we are at a loss to see how it could have harmed appellants. We therefore think there was no prejudicial error in permitting Dr. Gallagher to testify that the wound he found on Murphy's head was of a nature liable to cause death.

3. There was no error in refusing to strike out of Duffy's testimony a statement showing where Johnson was working, as follows: "Yes, sir; he was working directly over where Murphy was struck." This answer was clearly pertinent to the subject then under inquiry, which was as to where Johnson was working with reference to the position occupied by Murphy when the latter was killed. The fact that this statement of the witness was perhaps not a direct answer to the previous question asked can make no difference as to the relevancy of the statement that fell from the lips of the witness. The witness spoke from his own knowledge and observation, and his statement was clearly competent evidence.

4. The objection of appellants to an instruction given the jury because there was no evidence that Johnson was employed by the other defendants, and therefore no evidence

upon which to base an instruction on that subject, is already disposed of by the reference to the admissions of appellants' answer.

5. Appellants requested the court to instruct the jury as follows: "The law does not contemplate that the damages awarded the plaintiff, if any are awarded to her, should be a compensation to her heirs, or to any other person or persons." The action was not brought to compensate plaintiff's heirs, but to compensate plaintiff alone, and the jury were in substance so told by the court in an instruction. We can therefore see no useful purpose that might have been served by the requested instruction, and think the court very properly rejected it.

The judgment and order appealed from should be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.