[Civ. No. 8135. First Appellate District, Division One.—April 14, 1932.]

PETER BODHOLDT, Appellant, v. LAWRIN GARRETT et al., Defendants; CITY OF OAKLAND (a Municipal Corporation), Respondent.

CLIFFORD M. COLEMAN, Appellant, v. LAWRIN· GARRETT et al., Defendants; CITY OF OAKLAND (a Municipal Corporation), Respondent.

Warren H. Pillsbury, L. L. Steele and Jas. F. Brennan for Appellants.

C. Stanley Wood, City Attorney, Homer W. Buckley, Assistant City Attorney, and John W. Collier, Deputy City Attorney, for Respondent.

WARD, J., *pro tem.*—These consolidated cases are actions for damages for certain personal injuries, brought under section 2, chapter 328, of the Statutes of 1923, page 675, which provides, in substance, that counties, municipalities, etc., shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public property where the officers having authority to remedy such condition had knowledge or notice of the defective or dangerous condition and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to take such action as might be necessary to remedy the condition or protect the public against such danger.

One of the plaintiff's witnesses, immediately after the accident, inquired of an injured plaintiff as to his condition and thereafter walked across the street to interview the defendant Garrett. By question and answer the witness elicited the information from Garrett, the truck driver in the employ of the city, that the collision was due to a broken spring on the front portion of the truck. Appellants complain that the trial court erred in instructing the jury that this statement or admission of the driver was in no way binding upon the defendant City of Oakland.

■ Statements of an employee not part of the *res gestae* and not made spontaneously or as the result of excitement of the accident are not binding upon the employer. (*Shaver* v. *United Parcel Service,* 90 Cal. App. 764, 770 [266 Pac. 606].) While it is true that time is not the controlling element in the matter of *res gestae,* still the statements must be not only contemporaneous, but voluntary and the result of excitement, and made before a person has time to calculate and consider the form and substance of the explanation.

■ There is no evidence in this case to indicate that the particular statement was caused by excitement, and hence the ruling of the trial court cannot be disturbed. (*Lloyd* v. *Boulevard Express,* 79 Cal. App. 406, 411, 412 [249 Pac. 837].) ■ Appellant further contends that no objection was made by respondent to this evidence and that the court erred in striking the statement from the record. The court on its own motion, in the interest of justice, may exclude incompetent and inadmissible evidence. (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co.,* 156 Cal. 379, 390 [104 Pac. 986]; *Parker* v. *Smith,* 4 Cal. 105, 106.)

■ Under the 1923 statutes, notice to or knowledge by the proper authorities of the defect or danger is required. If the authorities should have known of the danger, the doctrine of *res ipsa loquitur* applies. (*Damgaard* v. *Oakland High School Dist., etc.,* 212 Cal. 316 [298 Pac. 983].) But in a case where there is an absence of evidence from which an inference could be drawn that the persons authorized to remedy the defect should have known of such condition, the doctrine of *res ipsa loquitur* does not apply. In *Damgaard* v. *Oakland High School Dist., etc., supra,* a teacher undertaking to instruct pupils in experimentation of explosive gases should have known of the attending danger and should have taken the necessary precautions to avert an explosion. ■ Actual notice is not necessary under such facts as appeared in the Damgaard case. A defective condition continuing for such period that the proper authorities should have had some knowledge of its danger to the public is constructive notice, but in this case there is no evidence that those authorized to remedy defects in the mechanical operation of this truck knew or could have known of the defective spring. There is no evidence that the truck was not in good condition at the time it left the

immediate control of those authorized to repair. Under the statute, those authorized to remedy a defect when notified could not be held liable for the driver's failure to notify them. To rule that the doctrine of *res ipsa loquitur* applies in any case brought under the provisions of Statutes of 1923, page 675, would result in nullifying the intent of the legislature, namely, that there shall be at least constructive notice of a defect or danger to those authorized to remedy such condition.

Complaint is made that the court erred in refusing to admit evidence that the zigzagging of the truck over the roadbed for a period prior to the accident was the result of a defective mechanical condition. If admitted, this evidence would not supply the essential element of knowledge by those authorized to remedy the condition.

The evidence referred to herein, having been correctly deleted, left plaintiff without proof of the essentials under the statute. A motion for a nonsuit, stating precisely the grounds of the motion, was granted, and it is from these orders that each plaintiff appealed.

Judgments affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 14, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1932.