[Civ. No. 11532.   Second Appellate District, Division Two.—October 20, 1937.]

J. R. PHILLIPS, Respondent, v. SOUTHERN CALIFOR-
NIA EDISON COMPANY, LTD. (a Corporation), Ap-
pellant.

Roy V. Reppy and E. W. Cunningham for Appellant.

Ticknor & Maxwell and Roland Maxwell for Respondent.

CRAIL, P. J.—This is an appeal by the defendant from a judgment for damages arising out of a fire which started from a short circuit from one of the defendant's high-powered electric wires and also from an order denying it a judgment notwithstanding the verdict of the jury.

The primary contention of the defendant is that on the evidence *res ipsa loquitur* rule could not be applied because, as it contends, all of the testimony shows without conflict that the arc from defendant's cable to the ground was over and across a distance greater than electric energy of the voltage involved could possibly arc in the absence of some form of electrical conductor between defendant's cable and the ground, and that whatever it was that served as such a conductor, in addition to a tobacco plant, was something over which defendant had no control.

Viewing the evidence in the light most favorable to the plaintiff we find the following: For years the plaintiff had been the owner of a resort known as "Camp Oak Wylde", which is situated in the Angelus National Forest, and had invested in the camp and equipment large sums of money. On the afternoon of July 26, 1934, there was no fire in the immediate vicinity of a cut made in the ridge between Fern canyon and Coon canyon for the purpose of providing a clearance for the cables of the transmission lines of defendant, although there was in that vicinity a blacksmith shop with a forge from which smoke issued at various times during the day. There was no such fire until approximately 2:38 P. M. At about that time an arc occurred between one of defendant's cables and a wild tobacco plant growing under it. Through the tobacco plant the arc went to the ground at the clearance cut. The day was very warm. The warmer the day the more the transmission lines sagged. The wild tobacco plant was immediately under the transmission line where the arc occurred and was growing in the clearance cut. This plant was burned, scorched and shattered. A section of it was found after the occurrence of the arc to have been broken down and loosely hanging at its top portion. Instantly upon the occurrence of the arc the men working in the vicinity noted a fire in the clearance cut at the location of the tobacco plant. This fire spread very rapidly

and burned over more than 3,500 acres of the Angelus forest territory before it was finally placed under control. As a result of the fire the Arroya Seco canyon was immediately closed and the guests were immediately ordered out of plaintiff's camp and plaintiff was required to take steps for the prevention of possible fire damage. Since the fire the resulting erosion has blocked ingress to and egress from plaintiff's camp for substantial portions of the time. The period of time following the starting of the fire was ordinarily the busiest season for plaintiff's camp. Plaintiff's telephone line was damaged and partly destroyed by the fire. Immediately loss of patronage was suffered and the value of plaintiff's resort property was permanently impaired as the result of the fire.

Defendant admits that the arc started from its conductor and that it went to ground at a point where the plant was growing and followed for at least a portion of the distance between the cable and the ground one of the branches of the plant. It contends, however, that there is no evidence that any part of the plant was within arcing distance of the power line in the absence of some other form of conductor between the cable and the plant, and that on this state of the evidence there is no opportunity for the application of the *res ipsa loquitur* rule. The measurements of the height of the cable included in the evidence are not conclusive because the temperature at the clearance cut on the day the fire started is unknown and the actual height of the tobacco plant when the arc occurred is unknown. There is substantial evidence to sustain the plaintiff's theory that the cable came within arcing distance of the tobacco plant, making due allowance for the portion of the tobacco plant destroyed by the heat and fire. A logical allowance for expansion would bring the transmission line close enough to the tobacco plant to permit the arc. The arc came from defendant's transmission line. No one else had anything to do with the maintenance of that line. Defendant was charged with the duty of using due care to keep the right of way used by that line clear of anything which might make the presence of the line a hazard in the forest area. Since no one who saw the tobacco plant before the fire was available to testify as to the precise distance within which it came to the transmission line, it is proper to resort to the doctrine

of *res ipsa loquitur*. (*Rocca* v. *Tuolumne County Elec. etc. Co.*, 76 Cal. App. 569, 579 [245 Pac. 468]; *Helms* v. *Pacific Gas & Elec. Co.*, 21 Cal. App. (2d) 711 [70 Pac. (2d) 247]; *Silva* v. *Northern California Power Co.*, 32 Cal. App. 139 [162 Pac. 412]; *Giraudi* v. *Electric Imp. Co.*, 107 Cal. 120 [40 Pac. 108, 48 Am. St. Rep. 114, 28 L. R. A. 596].)

The defendant next contends that the plaintiff cannot rely upon the *res ipsa loquitur* rule because in the amended complaint the alleged negligence of the defendant is pleaded without any general allegation of negligence. A more liberal rule prevails in California. In the case of *Atkinson* v. *United Railroads*, 71 Cal. App. 82, at page 91 [234 Pac. 863], the court said: "In adopting a rule for this state, we are of the opinion that it was not intended to declare an absolute and unqualified rule, that is, one so drastic as to deny plaintiffs in all cases, and under all circumstances, the benefit of the doctrine of *res ipsa loquitur*, merely because they have voluntarily gone further than the law required them to go, in particularizing the specific acts of negligence upon which they relied for a recovery; but that it was intended that the more liberal rule should be followed which restricts plaintiff, in his proof and recovery, to the specific acts alleged, and relieves the defendant from the burden of exculpating himself from any other acts of negligence than those alleged, but which does not, so far as those particular acts of negligence are concerned, deprive plaintiff of the benefit of the doctrine of *res ipsa loquitur*." (Also, see, *Armstrong* v. *Wallace*, 8 Cal. App. (2d) 429, 435 [47 Pac. (2d) 740]; *Bergen* v. *Tulare County Power Co.*, 173 Cal. 709, 720 [161 Pac. 269]; *Rocca* v. *Tuolumne County Elec. etc. Co.*, 76 Cal. App. 569 [245 Pac. 468].)

The defendant's next contention is that a new trial should have been granted because of insufficiency of the evidence to sustain the verdict, and it sets out several items in which it claims there is an insufficiency of the evidence. It is sufficient for us to say that there is substantial evidence to sustain the verdict.

The defendant's next contention is that the trial court improperly admitted evidence offered by the plaintiff. We have examined into these matters and find no prejudicial error.

■ The defendant's next contention is that the demurrer to the amended complaint was improperly overruled because of failure of plaintiff to plead the cause and nature of the special damages sought to be recovered, but we find no reversible error here.

■ The defendant complains of the following instruction given at the request of the plaintiff: "The jurors are not obliged to accept testimony as accurate if it appears to them unreasonable or not in accordance with the physical facts." The defendant produced as a witness Mr. Royal W. Sorenson, professor of electrical engineering at California Institute of Technology, who testified with regard to the maximum initial arcing distance under normal atmospheric conditions of electrical energy of 124,000 volts, that being the voltage on defendant's electrical conductor on which the arc occurred, and other matters of a scientific nature and proper subject for expert testimony. The defendant contends that under the instruction the jury would have been fully warranted in arguing that in view of the admitted fact that the arc occurred and that the distance between the conductor and the plant as shown by all the evidence as to that matter was considerably in excess of the arcing distance of electricity as testified to by Professor Sorenson, his testimony regarding the same must be rejected as not being in accordance with the physical facts. This cannot be so, especially in view of the instruction requested by the defendant and given by the court, which after referring specifically to the various matters testified to by Professor Sorenson concluded as follows: "You are not at liberty to find facts contrary to such testimony." (See, also, *Rasic* v. *Schultheiss*, 121 Cal. App. 560, at 565 [9 Pac. (2d) 550].)

Other instructions to the jury are complained of but we find no reversible error in any of them.

Judgment and orders affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 16, 1937.