[Civ. No. 2214.   Fourth Appellate District.—May 13, 1938.]

LEWIS C. WILLS et al., Respondents, v. FRED S. PRICE et al., Appellants.

Ray W. Hays and Halbert & Stone for Appellants.

John T. Fuller for Respondents.

HAINES, J., *pro tem.*—For a long time appellants Fred S. Price, B. L. Price and Kathleen M. Warden have been engaged, under the fictitious name ''Price Hardware and Furniture Company'', in conducting a hardware and furniture store in a two-story building at Porterville. The building was erected in 1890. A room on the second floor has been and was, on October 25, 1935, used for storage and display of linoleum in rolls. Many of these rolls were of six-foot wide linoleum which were placed on end along the south side of the room. Other rolls of nine-foot wide linoleum, and sometimes of linoleum of even greater width, were laid on the floor. Between the rolls which stood on end and those laid on the floor there was an aisle or pathway extending across the room. There is evidence to the effect that the structural conditions of the building had not been changed after it was put up except that one of the steel uprights, formerly existing as a support to a girder beneath a portion of the upper floor, including the linoleum room, had been removed, resulting, according to the testimony of one Nyby, a building contractor, in a sag, leaving this part of the upper floor uneven and sloping from both the south and north walls toward the center. The result, according to this witness, is a perceptible vibration when one walks across this floor. Two other witnesses, a building contractor named Bishop and the city building inspector, one Hamilton, testified that they are familiar with the building and that walking across this floor produces a perceptible vibration. The testimony of appellant Fred S. Price and of

one Hopkins, an employee of appellants, as well as of various others, is that they have noticed no such vibration from that cause, though Price says that it does occur when trucks of linoleum are rolled along the floor. Nyby testified that while he considered the building all right as a whole he thought this part of it unsafe. On the day referred to plaintiff and respondent Lydia E. Wills, together with her daughter, Vera Mortensen, went to the store and Mrs. Wills went upstairs and looked at a roll of linoleum which she decided to buy for her daughter. After going below she returned again with her daughter to the linoleum room to show to her daughter the roll which she had selected and, according to her testimony, after it had been examined, the two walked along the aisle or pathway, above referred to, between the rolls of six-foot linoleum standing on end and the rolls of wider linoleum lying on the floor until, as they were nearing the center of the line of upright rolls one of these, weighing from 120 to 125 pounds, amounting to only about one-third of its original weight, fell, hitting Mrs. Wills and throwing her across a roll of nine-foot linoleum lying on the floor on the opposite side of the aisle, causing her severe injuries, including a fractured hip. There is some testimony to an admission on Mrs. Wills' part that she had placed her hand on the top of this particular roll of linoleum to look behind it and see other patterns, whereupon it fell over on her, but she denied making any such admission and testified that she did not put her hand on the roll and we must, in support of the trial court's action, assume that it believed her testimony on that subject to be true.

On the other hand, there is testimony that one of the defendants admitted that the linoleum that fell on Mrs. Wills had been rolled into a spiral form and stood on its smaller end. Not only is this admission denied but appellants claim that to stand on end a roll of linoleum in such a condition at all would be physically impossible.

The present action was brought by respondents, Mrs. Wills and her husband, to recover from appellants general damages for the injuries so sustained by Mrs. Wills, as well as special damages for expenses incurred in treating them, and for loss to the husband of the wife's services, all of which are in the amended complaint claimed to have resulted from appellants' negligence. Defendants and appellants are alleged,

in each of the two counts of the amended complaint, to have been negligent, in that, for the purpose of displaying it to their invitees and customers, ''said linoleum had been by said defendants negligently and carelessly rolled and stood upon end and negligently and carelessly permitted to remain on the floor in such manner that the same could and did, as a result of the vibration caused by walking across said floor, or other vibrations of said building, fall upon and strike the plaintiff, causing her to be thrown to the floor and upon another roll of linoleum carelessly and negligently by the defendants permitted to remain lying upon the floor in such position or place that plaintiff could be and was thrown thereon''. After the filing of an answer denying the negligence complained of and alleging contributory negligence on Mrs. Wills' part, the case was tried to a jury and resulted in a verdict and judgment for the defendants, whereupon the plaintiffs and respondents moved the court for a new trial on the two grounds of insufficiency of the evidence to justify the verdict and errors of law occurring at the trial and excepted to by plaintiffs. The motion was granted, as the court's minutes recite, ''on all of the grounds set forth in the written motion for a new trial'', and it is from the order granting the motion that the present appeal is taken.

Appellants concede that on an appeal from an order granting a new trial this court may not review mere conflicts in the evidence but they rely on the circumstance that, instead of alleging negligence generally, the amended complaint specifies, as above set out, the particular negligence claimed to have existed, and, as is claimed, is to be treated as though it alleged in substance that ''the linoleum was rolled and placed on end so that it would safely stand where it was placed unless there should be vibration of the floor caused from walking across the floor or other vibration of the building''. Appellants claim that as a legal consequence, all applicability of the doctrine of *res ipsa loquitur* to the case is necessarily excluded and that plaintiffs cannot recover without showing both that the linoleum was so negligently placed that vibration would cause it to fall and also that there was in fact in this particular instance vibration which did cause it to fall. As said in *Marovich* v. *Central California T. Co.*, 191 Cal. 295, 305 [216 Pac. 595] :

"The general rule is that 'where the plaintiff in his complaint gives the explanation of the cause of the accident, that is to say, where the plaintiff instead of relying upon a general allegation of negligence, sets out specifically the negligent acts or omissions complained of, the doctrine of *res ipsa loquitur* does not apply'. (*Connor* v. *Atchison, T. & S. F. Ry. Co.*, 189 Cal. 1 [22 A. L. R. 1462, 207 Pac. 378], and cases cited.) The foregoing statement of the rule in the cited case was followed by the qualification that 'where the explanation leaves it doubtful as to whether or not the ultimate cause of the injury is the negligence of the party charged, it is proper to instruct the jury as to the *res ipsa loquitur* doctrine'."

The court says further (citing numerous authorities from the decisions in this state) that:

"Regardless of the effect of the foregoing qualification upon the general rule, it is clear that where the plaintiff in his complaint makes no general allegation of negligence, or no allegation of general negligence, instructions applying the doctrine of *res ipsa loquitur* should not be given. This must be so for the reason that in such case the plaintiff can recover only upon proof of one or more of the specific acts or omissions alleged in his complaint."

Since, then, the amended complaint in the instant case contains no allegation of general negligence, appellants are correct in saying that, to justify any recovery, respondents were bound to show the specific negligence alleged. The gist of the complaint in that behalf, however, was the claim that the rolls of linoleum were so placed that the upright rolls would be likely to topple over; and, that if they did topple over, they would fall on the other rolls; to which is added "as a result of the vibration caused by walking across said floor, or other vibrations of said building". Assuming that the last-quoted language involves a concession that the upright rolls were so placed that they would not of themselves fall over without some "vibration" of the floor, it is still to be observed that the "vibrations" referred to, as apt to make them fall, were not alone those to be caused by walking across the floor but also "other vibrations of said building".

It must be conceded that the testimony of Mrs. Wills itself showed that she had not, in walking across the floor, particularly noticed any vibration nor does her daughter,

Mrs. Mortensen, claim to have noticed any. Shortly after the accident, not only Mrs. Wills, but also her sister, Mrs. Willits, one Pauline Thomas, an employee of the store, and appellant Fred S. Price, were all for a time together in the linoleum room and while they were there Hopkins brought a wheel-chair in which Mrs. Wills was trundled away. It does not appear that any of them particularly noticed at the time any vibration or, if there was any, that it caused any other rolls of linoleum to topple over. In these circumstances we are asked to hold that there is no substantial evidence that at the time of the accident any such vibration of the building occurred as is relied on in respondents' pleading as sufficient to have caused or as actually having caused the fall of the roll of linoleum which hit Mrs. Wills. The court, however, had the right to believe Mrs. Wills' statement that she had not touched the roll. If she had not, then, even though respondents were precluded by their pleading from claiming that the roll was so insecurely placed that it could topple over merely from its own weight, and though they were confined to showing that the immediate cause of its toppling over was the vibration of the floor, still the circumstance that no witnesses noticed such vibration would be inconclusive and there would still be room for a limited application of the *res ispa loquitur* doctrine (*Phillips* v. *Southern California Edison Co., Ltd.*, 23 Cal. App. (2d) 222 [72 Pac. (2d) 769]) whereby the trial court might have concluded that there had been a vibration of the floor, though there was no other affirmative evidence that such vibration had taken place than such inferences as the *res ipsa loquitur* doctrine might justify. In fine, we cannot say that there is not sufficient conflict in the evidence, going to the gist of the cause of action, as to require us to sustain the trial court in its right to conclude that the evidence was insufficient to justify the verdict.

As appears from its order granting a new trial, the superior court not only reached that conclusion but concluded also that errors at law had been committed at the trial. As justifying this latter conclusion, respondents rely on the court's refusal to admit evidence that rolls of linoleum had, in the same room, toppled over and fallen on other occasions, both before and after the day of the accident, and also upon its refusal to allow Mrs. Wills and her sister, Mrs. Willits,

to testify to conversations with the said Pauline Thomas, an employee of the store, in which it is claimed that the latter admitted knowing of such occurrences. ▮ With respect to these matters we entertain no doubt that it would be competent to admit evidence of previous accidents, occurring under substantially the same general circumstances as the one under investigation, both as tending to show the cause of the latter, and, if appellants were shown to have notice of them, as tending to establish negligence on their part. (*Dyas* v. *Southern Pac. Co.,* 140 Cal. 296 [73 Pac. 972]; *Rafferty* v. *City of Marysville,* 207 Cal. 657, 663 [280 Pac. 118]; *McCormick* v. *Great Western Power Co.,* 214 Cal. 658 [8 Pac. (2d) 145, 81 A. L. R. 678]; *Norton* v. *City of Pomona,* 5 Cal. (2d) 54, 59 [53 Pac. (2d) 952]; *Gorman* v. *County of Sacramento,* 92 Cal. App. 656 [268 Pac. 1083].) The rule as to evidence of subsequent accidents is different. (*McCormick* v. *Great. Western Power Co., supra,* p. 668.) ▮ We are unable, however, to find from the record any instances in the present case of the rejection of testimony respecting such previous occurrences, save only the court's refusal to allow Mrs. Wills and Mrs. Willits to testify to the statements above referred to, claimed to have been made by the said Pauline Thomas. A similar inquiry attempted to elicit from Mrs. Wills' daughter, Mrs. Mortensen, evidence of like statements on Mrs. Thomas' part but she could not remember hearing them. This proffered testimony on the part of Mrs. Wills and Mrs. Willits was in our opinion properly excluded, because it does not appear, even though Mrs. Thomas was an employee of the store, that she had any connection with handling the linoleum or keeping in order the room where it was handled, and the rule that notice of a condition to an agent is notice to the principal is founded on the existence of such duty in the agent in respect to the condition as will make him, in regard to it, the principal's representative. (*Elledge* v. *National City & Otay Ry. Co.,* 100 Cal. 282, 291 [34 Pac. 720, 852, 38 Am. St. Rep. 290]; *Diller* v. *Northern Cal. Power Co.,* 162 Cal. 531, 538 [123 Pac. 359, Ann. Cas. 1913D, 908]; *Baker* v. *Board of Trustees, etc.,* 133 Cal. App. 243, 248 [23 Pac. (2d) 1071].) More than that, however, these statements on Mrs. Thomas' part, whatever they may have amounted to, were extrajudicial and having occurred after the accident, were no part of the *res gestae* and were

therefore mere hearsay. (*Beasley* v. *San Jose Fruit-Packing Co.*, 92 Cal. 388, 391, 392 [28 Pac. 485] ; *Bodholdt* v. *Garrett*, 122 Cal. App. 566 [10 Pac. (2d) 533].) They were in no way binding upon appellants and were rightly excluded.

The order granting the new trial is affirmed but only on the ground that the trial court was within its rights in deciding that the evidence was insufficient to justify the verdict.

Jennings, Acting P. J., and Marks, J., concurred.