[Civ. No. 16403.   Second Dist., Div. Three.   Dec. 23, 1948.]

OLAF WESTMAN et al., Appellants, v. CLIFTON'S BROOKDALE, INC. (a Corporation), Respondent.

William K. Young and David Lynn for Appellants.

Sidney A. Moss and Henry F. Walker for Respondent.

VALLÉE, J.—In an action to recover damages for personal injuries, plaintiffs appeal from a judgment entered in favor of defendant after a jury verdict in its favor.

The action was brought by plaintiffs, Olaf and Inga Westman, husband and wife, for damages sustained by reason of injuries suffered by Mrs. Westman when she fell down a stairway maintained by defendant in its cafeteria, as well

as special damages for expenses incurred in treating them and for loss to the husband of his wife's services, all of which were alleged to have resulted from defendant's negligence. Defendant denied the negligence and alleged contributory negligence on the part of Mrs. Westman.

As no contention is made by plaintiffs that the evidence is insufficient to support the verdict, it will only be necessary to briefly state the facts. On May 26, 1946, plaintiffs accompanied by their son-in-law, Harry Stanley, and their granddaughter, Corrynne Sarych, aged 14 years, visited defendant's cafeteria for the purpose of having dinner. After finishing dinner, it then being about 5 o'clock in the afternoon, the party went to visit "The Little Chapel," located just off the mezzanine floor of defendant's cafeteria and reached by means of three downward steps or stairs. Mr. Stanley was the first of the party to proceed, followed by Corrynne, Mrs. Westman, and Mr. Westman. As Mrs. Westman descended the stairs, the heel of her right shoe caught on the edge of the bottom or last step, she fell forward, struck her right shoulder against a stone wall, causing the injuries of which she complains. The record reveals a distinct conflict in the evidence concerning the sufficiency of the lighting conditions in and about the area of the stairs where plaintiff-wife was injured. Plaintiffs and their witnesses testified, in substance, that there was little, if any, lighting in the area of the stairs, while defendant's witnesses testified that the lighting conditions were ample and there was testimony that about an hour before the accident happened a routine inspection was made by Darda, the floor manager, of the lighting conditions throughout the cafeteria, including the stairs and landing in front of the chapel. This conflict was resolved by the jury in favor of the defendant.

Appellants contend that the trial court committed prejudicial error (1) in excluding evidence of a purported conversation between appellant-husband and Darda, (2) in excluding the testimony of a claimed "tripping" on the stairs by Corrynne just before Mrs. Westman's fall, (3) in excluding evidence of an ordinance offered by appellants and refusing to give a requested instruction based on such ordinance, and (4) in permitting the jury to view the premises involved.

The evidence offered by plaintiffs with respect to the conversation with Darda, the exclusion of which is claimed to be prejudicial, was first sought to be elicited during direct examination of plaintiff-husband and subsequently during the

cross-examination of Darda, who testified as a witness for defendant. It related to an alleged conversation between plaintiff-husband and Darda which took place on the first floor, in the front part of the cafeteria, away from the actual scene of the accident, within 10 minutes after its occurrence, and in the presence of Mrs. Westman. Darda was defendant's floor manager on duty at the time of the accident. It was his duty to check the dining room for "all lighting effects," to receive complaints from, and discuss them with, the patrons. He was immediately notified of the accident by one of defendant's hostesses. He thereupon went to the stairs where it had occurred. An objection made by defendant to the introduction of the conversation was sustained. Plaintiffs then made an offer of proof, the substance of which was that Mr. Westman told Darda that Mrs. Westman was on her way down to visit "The Little Chapel," caught her heel on the last step and fell forward, striking her right shoulder on the retaining wall; that he told Darda "there were very poor lights on the stairs"; that Darda replied that others had fallen there and for them to find a doctor at a hospital and notify defendant of the address; that Mr. Westman asked Darda "how come they didn't have any lights" and why the stairs were so poorly lighted, to which Darda made no reply. Respondent's objection to this offer of proof, which was sustained, was based on the following grounds: (1) that the alleged statements of Darda were not part of the res gestae; (2) not made by an agent within the scope of his agency or employment; (3) no proper foundation had been laid to show (a) how he had knowledge of any previous accidents, if in fact he did have, (b) no showing that the circumstances and conditions of the previous accidents were substantially similar to those in the case at bar, and (c) whether they were known to him personally as distinguished from hearsay; and (4) that the entire conversation was incompetent, irrelevant and immaterial and did not tend to prove or disprove any issue in this case.

It is not necessary for us to pass upon the question of whether the declarations of Darda were a part of the res gestae. (See, *Showalter* v. *Western Pacific R. R. Co.*, 16 Cal.2d 460 [106 P.2d 895]; *Lane* v. *Pacific Greyhound Lines*, 26 Cal.2d 575 [160 P.2d 21].) We are of the opinion that they were admissible for the purpose of showing knowledge of the dangerous condition on the part of defendant's representative in charge of the floors of the cafeteria. Respondent's objection, and its contention here, misses the theory upon which this

evidence was offered. ■ As stated in *Dressel* v. *Parr Cement Co.*, 80 Cal.App.2d 536, 540 [181 P.2d 962] : "... it is a well-established rule 'that the principal is chargeable with, and is bound by the knowledge of, or notice to, his agent received while the agent is acting within the scope of his authority and which is in reference to a matter over which his authority extends.' See 2 American Jurisprudence 286. Or, as stated in *Faires* v. *Title Ins. & Tr. Co.*, 15 Cal.App.2d 350, 354 [59 P.2d 428], and elsewhere, 'Knowledge acquired by an agent during the agency and within its scope is imputed to the principal.' The evidence in question was properly admitted for that purpose, for as stated in 20 American Jurisprudence 511, 'Post rem statements of an agent, however, may be introduced in evidence against the principal for the purpose of showing his knowledge of the transaction.' See, also, *Diller* v. *Northern California Power Co.*, 162 Cal. 531, 538 [123 P. 359, Ann.Cas. 1913D 908], where the court said: 'Thomas was its agent in general charge of its power system, and notice to him of a defective construction had a direct bearing on the issue of negligence in maintenance.' " (See, anno., 141 A.L.R. 704.)

■ At a later stage of the trial plaintiff offered to further prove that in the conversation referred to, Darda had told Mr. Westman to go to a hospital or a doctor and "to send them the bills and they would take care of them." This offer was objected to upon all of the grounds stated in the objection to the previous offer and upon the further ground that there was no showing that the floor manager had authority to bind the corporation with respect to the incurring of hospital or doctor bills. The objection to the offer was sustained. This evidence was not admissible. There was no showing that Darda was either expressly or by implication authorized to bind defendant to pay plaintiffs' hospital or doctor bills. (10 Cal. Jur. § 322, p. 1083.)

■ The contention of plaintiffs that the trial court erred in excluding the testimony of Corrynne Sarych to the effect that she had "tripped" while walking down the stairs, immediately before the plaintiff-wife fell, is well taken. The testimony, which was stricken upon defendant's motion, was brought out on cross-examination as follows: "Q. BY MR. Moss: Now, you had never been down there before, had you? A. No. Q. You did not fall, did you? A. I tripped. MR. Moss: I move to strike that as not responsive to the question. MR. LYNN: I think he asked for that, your Honor. MR.

Moss: I asked if she fell. The Court: The motion to strike is granted." On redirect examination, the following took place: "Q. [By Mr. Lynn] : What if anything occurred to you as you descended the stairs? Mr. Moss: I object to that as wholly incompetent, irrelevent and immaterial and would not tend to prove or disprove any issue in this case. The Court: Objection sustained. . . . Mr. Lynn: Your Honor, I believe counsel opened up this matter. He asked her if she fell as she went down the steps. The Court: But she didn't answer that, she answered something else. He moved to strike the answer and the Court properly granted the motion to strike. Now you are on a collateral issue here I can realize the anxiety to get it into the record, but I don't think it is proper. Mr. Lynn: I believe it is proper now that he asked her about it, after he opened up the subject of what happened to this witness. The Court: Well, assuming he improperly opens the subject up by asking an immaterial question, that is no reason why now, particularly in the face of an objection, we should continue to encumber the record with immaterial matter."

Evidence as to previous accidents, similar to the one in issue, is admissible upon the general proposition that such evidence tends to show the dangerous character of the place. Evidence showing that previous accidents have occurred under substantially the same general circumstances as the subsequent accident—the one in issue—tends to disclose the cause of the latter, tends to bring home to the person maintaining the place where the injury occurred knowledge of the dangerous condition of such place, and tends to establish negligence on his part. (*Dyas* v. *Southern Pac. Co.*, 140 Cal. 296, 305, 306 [73 P. 972] ; *Long* v. *John Breuner Co.*, 36 Cal.App. 630, 639 [17 P. 1132] ; *Thompson* v. *Buffums' Inc.*, 17 Cal.App.2d 401, 404 [62 P.2d 171] ; *Wills* v. *Price*, 26 Cal.App.2d 338, 344 [79 P.2d 406] ; 10 Cal.Jur. § 113, p. 827; 2 Wigmore on Evidence (3d ed.) § 458, p. 472.)

Defendant argues that there was no evidence, or offer of proof, that the witness " 'tripped' on the first step or on the second step or on the third step or where nor whether such was before or was after or was simultaneous with appellant wife's fall," and cites the case of *Thompson* v. *Buffums' Inc.*, 17 Cal.App.2d 401 [62 P.2d 171], as directly applicable to the instant case. The Buffums' case is distinguishable from the present case. In that case certain lead filling had been removed, in some way not apparent from the evidence, from the 10th

step. It was on that step that plaintiff's shoe was caught in the groove left open thereby, causing her to fall. A witness was asked if any other women had fallen upon these particular "stairs." An objection to the question was properly sustained, the court saying (p. 405) : "In the instant case, the questions to which objections were sustained did not limit the inquiry to the tenth step on the stairway, where the evidence showed appellant fell *and which was admittedly the only step on the stairway from which the lead filling was missing.* Any number of persons may have fallen on other steps of this same stairway due to other causes, and yet such evidence would not be relevant or material to show the alleged dangerous condition of the tenth step upon which appellant fell, nor would such evidence tend in any way to bring home to respondent knowledge of the alleged dangerous condition of the step here in question. The question addressed to a witness must show its purpose and the materiality of the evidence sought to be elicited, or an offer of proof is necessary. (38 Cyc., p. 1330.) In the instant case, the questions were not in proper form and did not call for nor admit of an answer relevant to the issues and favorable to the party calling the witness. Therefore, it was not error for the trial court to exclude them." (Italics added.)

There was no contention that there was any defective condition in the steps or stairs as steps or stairs. The issues were whether defendant had properly maintained adequate lighting conditions in and about the area of the three stairs leading to the chapel and whether it was negligent in not maintaining a handrail. It was, therefore, immaterial on which of the three steps Corrynne tripped. Since Corrynne immediately preceded her grandmother in descending down the three stairs, the fact that she "tripped" must have occurred just prior to the grandmother's fall. Corrynne testified that as she "kept going down . . . it got darker and darker . . . There were not any lights." It may fairly be inferred from Corrynne's testimony that she would have testified that she "tripped" on the same step on which Mrs. Westman fell. Her testimony that she "tripped" while so descending the stairs was a circumstance which, together with other evidence, tended to show the dangerous character or condition of the stairs in its then condition, and the plaintiff had a right to have this evidence placed before the jury and taken into consideration by them in determining the issue as to the

negligence, if any, of defendant, in the maintainance of the stairs.

■ The fact that an answer is not responsive to a question does not render it inadmissible. (*Murphy* v. *Coppieters*, 136 Cal. 317, 320 [68 P. 970] ; *Holzer* v. *Read*, 216 Cal. 119, 122 [13 P.2d 697] ; 27 Cal.Jur. § 64, p. 83; 58 Am.Jur. § 670, p. 367; 3 Wigmore on Evidence (3d ed.) § 785, p. 160.) When the answer includes relevant and material facts it should be permitted to stand, although not strictly responsive. Here, the evidence that Corrynne had ''tripped,'' under the circumstances heretofore related, was relevant and material to the issues involved and it was error for the court to strike it and preclude the jury from considering it.

No offer of proof was required of plaintiffs. ■ When a trial court states or otherwise indicates, as it so appears in the record before us, that it will not receive evidence, a specific offer of proof is not necessary. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754, 760 [146 P.2d 905] ; *Caminetti* v. *Pacific Mut. Life Ins. Co.*, 23 Cal.2d 94, 100 [142 P.2d 741] ; 10 Cal.Jur. 10-Yr. Supp. § 41, p. 648.)

■ The case is a closely balanced one. There is a sharp conflict in the evidence. The excluded evidence, if uncontradicted, would tend to establish appellants' right to recover. It is apparent that serious prejudice may have been suffered by appellants because of these rulings. We cannot say that had the evidence been received and considered by the jury, a different result would not have ensued. The exclusion of the evidence referred to was reversible error.

Appellants' other assignments of error need not be considered. The errors, if any, are not likely to recur on a retrial.

Judgment reversed.

Shinn, P. J., and Wood, J., concurred.