[Civ. No. 7539. First Appellate District, Division Two.—March 18, 1931.]

MARJORIE WANDA GRAHAM, a Minor, etc., Appellant, v. CONSOLIDATED MOTOR TRANSPORT COMPANY (a Corporation) et al., Respondents.

Lynn W. Culp, Sr., and Crozier C. Culp for Appellant.

Myron Harris and John Jewett Earle for Respondents.

NOURSE, P. J.—Defendants had a verdict in an action for damages for personal injuries. The plaintiff appeals from the judgment on the verdict upon typewritten transcripts.

The action grew out of an accident wherein the plaintiff, a child of seven years, was struck by a truck driven by defendant Loney Rogers while in the employ of his co-defendant. The plaintiff, accompanied by her brother of about ten years of age and another girl of about seven, attempted to cross to the south side of Harmon Street in the city of Berkeley at a point about midway between the street intersections. The little girl ran out from behind an automobile parked along the north curb and, when she had reached a point beyond the center line of Harmon Street, her brother called to her to warn her of the approaching truck. She then apparently became confused and turned to retrace her steps. When the driver of the truck saw her crossing he swerved the truck from the right-hand side of the road and brought the truck to a stop at a point to the left of the center line of the street. The right front wheel of the truck struck the plaintiff on the heel and threw her to the ground, causing the injuries complained of. The defendants, in addition to their denials of negligence on their part, pleaded unavoidable accident and contributory negligence on the part of plaintiff.

On this appeal the appellant assigns as error the action of the trial court in denying her the privilege of

calling the defendant Rogers as a witness under section 2055 of the Code of Civil Procedure until she had exhausted her own witnesses; but, as she assented to the procedure, there is nothing involved but the well-settled rule that the order of proof is to be regulated in the sound discretion of the court. (Code Civ. Proc., sec. 2042.)

Error is predicated on the ruling permitting the defendant Rogers to state that the father of plaintiff had told him that he did not blame him (Rogers) for the injuries to the plaintiff. The answer was given on a redirect examination upon the theory that it was part of a conversation brought out on cross-examination. The ruling was error and the answer was mere hearsay elicited by an improperly suggestive and leading question. But the plaintiff, upon examination of her own witness, brought out the same matter; hence the ruling was not prejudicial.

The appellant devotes considerable space in her brief to the argument that the evidence is insufficient to support the verdict. It would serve no purpose to recite the testimony of the various witnesses; it is sufficient to say that there is some conflict and that, to our minds, the great preponderance of the evidence is with the respondents. Under such circumstances it is not the province of the appellate court to interfere with the finding of the jury. (*Bennett* v. *Chanslor & Lyon Co.,* 204 Cal. 101, 105 [266 Pac. 803].)

The appellant assigns error in the instruction given on the element of unavoidable or inevitable accident. That was one of the theories upon which respondents defended the action and they were entitled to have an instruction covering it (*Niosi* v. *Empire Steam Laundry,* 117 Cal. 257, 261 [49 Pac. 185]), as it is the duty of the trial judge to instruct the jury upon every reasonable theory of either party finding support in the evidence. (*Raymond* v. *Hill,* 168 Cal. 473, 479 [143 Pac. 743] ; *Murero* v. *Reinhart Lumber Co.,* 85 Cal. App. 385, 387 [259 Pac. 494].)

Appellant's criticism of the instructions relating to the plea of contributory negligence is difficult to understand. Her position seems to be that there is a presumption somewhere that a child of tender years lacks capacity to commit an act of negligence, hence the plea of contributory negligence is not available when a child of tender

years is suing as plaintiff. We understand the rule to be that negligence will not be imputed to a child of tender years (*Gonzales* v. *Davis*, 197 Cal. 256, 260 [240 Pac. 16]; *Seperman* v. *Lyon Fire-Proof Storage Co.*, 97 Cal. App. 654, 658 [275 Pac. 980]), but that the question of the capacity of the particular child to exercise care in avoiding a particular danger is one of fact to be left to the jury. (*Cahill* v. *E. B. & A. L. Stone & Co.*, 153 Cal. 571, 577 [19 L. R. A. (N. S.) 1094, 96 Pac. 84]; *Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126, 139 [138 Pac. 712].) The instruction complained of advised the jury that "a child is required to exercise only that measure of care which children of the same age and under similar circumstances ordinarily exercise" and it was left to the jury to determine the measure of care required by appellant under the circumstances of this case. The instruction as a whole was fair to appellant and was well within the rule of the decisions. (See *Todd* v. *Orcutt*, 42 Cal. App. 687, 690 [183 Pac. 963]; *Richmond* v. *Moore*, 103 Cal. App. 173 [284 Pac. 681].)

█ Finally error is assigned in giving the instruction reading: "If you find that the driver of the defendant's truck, after discovering the perilous position of Marjorie Wanda Graham, exercised ordinary care to avoid injuring Marjorie Wanda Graham, then your verdict must be for the defendants." Standing alone the portion of the charge quoted is open to some of the criticisms made by the appellant, but this paragraph must be read with the entire charge, and when so read, it is unobjectionable. The paragraph immediately follows the language of the charge which advised the jury that when either party "without negligence upon his or her part" is suddenly confronted with imminent danger he is not required to exercise that degree of care or skill which is required in the commission of an act after careful deliberation. The evidence showed that both parties were suddenly confronted with imminent danger and it showed as well that the driver of the truck was in that position without negligence on his part. Herein lies the difference between this case and *Vedder* v. *Bireley*, 92 Cal. App. 52 [267 Pac. 724], cited by appellant, where the position of imminent danger was the direct result of the defendant's negligence. Taking the instructions as a whole,

the law applicable to the issues involved was fully and fairly presented to the jury.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.