[Civ. No. 9432.   Second Appellate District, Division Two.—April 12, 1935.]

ETTA WEINER et al., Respondents, v. D. MIZUTA et al., Appellants.

Paul Nourse and Forrest A. Betts for Appellants.

Kemper Campbell for Respondents.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiffs for damages received in an automobile accident. Appellants base their claim for reversal almost entirely upon the contention that the trial court erred in denying defendants' motion for a mistrial based upon the improper introduction of "the insurance question".

The following is a short *résumé* of what occurred at the trial in this respect. The plaintiff husband testified upon direct examination: "I asked Mr. Mizuta how it was that he didn't see my car parked there, and his answer to me was, 'I am sorry, I seen you too late'." The parties then pulled their cars over to the east side of the street and immediately continued with the conversation. "A. . . . I told him that my wife was hurt. Q. What did he say? A. His reply was, 'You go get any doctor,' or 'your doctor, that we are insured, and I hope the lady will be better'. . . . Q. Do you recall any further conversation that you had at that time on the east side of the street immediately after you arrived there with Mr. Mizuta. . . . A. He said to me, 'I am sorry.

I seen you too late.' Mr. Betts: We object to that as already asked and answered. Q. He said that in addition to what you have already testified to? A. Yes, sir. Q. (By the Court): You mean while you were on the east side of Wall Street, while you were on the sidewalk? A. Yes, sir."

■ Appellants say in their closing brief, "We . . . admit that as the law now exists it establishes a right upon the part of a plaintiff to repeat to the jury conversations which may be taken to be admissions of liability, and that there can be no error predicated upon the fact that such conversations include a reference to insurance. May we, therefore, in fairness to ourselves and to this court, admit that if the words referred to by appellants were joined together, they could be interpreted to be an admission against interest and there could be no error predicated upon them." In making this contention about the improper intrusion of the insurance question the appellants seem to have overlooked the fact that the second time the words, "I am sorry, I seen you too late," were said by Mr. Mizuta, they were said immediately at the time he said, "You go get any doctor," or "your doctor, that we are insured, and I hope the lady will be better". The words "we are insured" were not only a part of an admission against interest but an inextricable part thereof. Furthermore, at the time the above incidents occurred, the following transpired: "Mr. Betts: I assign the statement as error and ask the court to grant a mistrial, *and in lieu thereof,* in the event the motion is denied, to instruct the jury to entirely disregard the statement of the witness, and to further instruct the jury that there is no insurance company a party to this suit. The Court: The motions will be denied. I will instruct the jury to pay no attention to that testimony. I will further instruct the jury that no insurance company is a party to this suit." It is apparent, therefore, that the record would not justify a reversal of the judgment on this point.

■ Appellants next contend that prejudicial error was committed by respondents' attorney in the argument to the jury. Here again we see no merit in the contention. ■ Appellants complain that one of the instructions "permitted the jury to award moneys to each of plaintiffs for the same item of damage". We see no merit in this con-

tention but in any event the modification of the judgment hereinafter directed, which eliminates all damages awarded to the husband, disposes of this point. Appellants complain of the amount allowed in favor of the husband (in the sum of $250) because it includes the loss of the "comfort, society and companionship of his wife, . . . for the loss of which there is no California cause of action". Respondents reply that the question is one of first impression in California, but they are willing to have the judgment reduced from $5,250 to $5,000, thus taking out of it all damages awarded the husband. The judgment is so modified, costs to be assessed against appellants.

Judgment affirmed as modified.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1935.