[Civ. No. 9729. First Appellate District, Division Two.—August 14, 1935.]

PATRICIA JAQUES, a Minor, etc., Respondent, v. SOUTH-ERN PACIFIC COMPANY (a Corporation) et al., Appellants.

Elliott Johnson for Appellants.

Brown, Ledwich & Rosson for Respondent.

NOURSE, P. J.—In an action for damages for personal injuries the plaintiff had a verdict for $35,000 which the trial court reduced to $25,000. The defendant appeals from the judgment as so modified.

The injuries occurred while plaintiff was standing in a painted safety zone near the intersection of Shattuck Avenue and Kittredge Street in the city of Berkeley. On Shattuck Avenue the defendant operated two sets of railroad tracks running in a northerly and southerly direction and upon the same avenue the East Bay Street Railway Company operated two street railway tracks running in the same direction. The whole of Shattuck Avenue, which is approximately 130 feet wide, including the portion occupied by the four railway tracks, was devoted to vehicular and pedestrian traffic. No exclusive right of way was held by either of the railway companies. Between the sets of tracks of the two companies above mentioned there was maintained a safety zone approximately fifty feet long and three feet ten inches wide running parallel to the rails. The outside line of this safety zone was four feet nine and one-half inches from the most easterly rail of the defendant company but less than twenty-two inches from the overhang or projection of the cars operated by the company on those rails. While the plaintiff was standing in this safety zone awaiting to board an approaching car of the street railway company and with her back to the rails of the defendant company she was pulled under a passing train of the defendant company and suffered the loss of a leg slightly below the knee. The theory of the plaintiff, supported by substantial evidence, is that while she was standing in this safety zone with her back to the defendant's track the train passed at an excessive and unreasonable rate of speed without any sound of warning by bell, whistle or otherwise; that the speed of the train drew a coat which she was wearing into

contact with some portion of the car so that she lost her balance and was thrown or fell under the wheels of one of the trucks. The theory of the defendant throughout the trial below was that the plaintiff carelessly and negligently ran in front of the train and was struck by some portion of the train and thrown under the wheels. Credible evidence supported defendant's theory, but it was weakened to some extent by the absence of proof that there appeared upon the body of the plaintiff any physical evidences of having been struck by the train. The jury rejected defendant's theory and found that it was negligent. The evidence of excessive speed and failure to give warning is sufficient to support the charge of negligence.

■ The appeal does not present any debatable question. The appellant first argues that the evidence in support of respondent's theory of the accident is inherently incredible. To create this argument appellant states that respondent contended that she was drawn under the train by suction. But such was not her contention. The evidence upon which she relies is that the suction from the train drew her coat out behind her so that she lost her balance and fell under the moving train. The evidence showed that this actually occurred and we are not permitted to indulge in conjectures as to what might or might not have happened.

■ Secondly, it is argued that the judgment should be reversed because the defendant could not have foreseen the unusual consequences resulting in the injuries to respondent. But respondent's case does not depend upon the failure to take precautions against unusual consequences but upon the direct evidence of the negligent operation of the train at that particular moment.

■ It is then argued that the respondent should have anticipated the danger from suction to a person standing near a railway track and that she was therefore guilty of contributory negligence. Manifestly, if the engineer, who had operated trains for more than thirty years, was not chargeable with knowledge of this particular danger it cannot be said as a matter of law that an eighteen-year-old school girl should be deemed to have anticipated the same danger. Like the question of appellant's negligence, this question of respondent's contributory negligence was one of simple fact which was properly left with the jury.

■ It is then argued that the trial court erred in refusing to give an instruction upon the subject of an unavoidable accident. There was no evidence upon which this instruction could be based. All the evidence tended to support the respective theories of the two parties—one, that the accident was due to the careless and negligent operation of the train, the other, that it was due to respondent's negligence in running in front of the moving train. The evidence all tended to prove the respective theories—that the accident was not unavoidable but that it could have been avoided by the other party.

■ Finally, it is argued that the damages awarded are excessive. No contention is made that the verdict was the result of passion or prejudice on the part of the jury, but the sole contention is that this court should adjudge a different amount to be the reasonable damages incurred. It is, of course, elementary that the amount of the award is a matter for the trial court and jury to determine and that an appellate court cannot fix a different amount in the absence of a showing that the verdict was the result of passion or prejudice.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 10, 1935.