[Civ. No. 1390. Fourth Appellate District.—March 17, 1936.]

PHYLLIS BARR, Respondent, v. J. ALLAN HALL, Appellant.

J. Hampton Hoge and Chester O. Hansen for Appellant.

Claude Minard and Ray W. Hays for Respondent.

BARNARD, P. J.—This is an appeal from a judgment in favor of the plaintiff for injuries sustained in an automobile collision. The sufficiency of the evidence is not attacked, for obvious reasons, but error is assigned in the giving of one instruction and in the refusal of another, in connection with which the appellant points out certain evidence which will be briefly summarized.

The accident occurred at the intersection of Clinton and Thorne Avenues, on the outskirts of Fresno. The appellant was driving a coupe west on Clinton Avenue and the respondent driving a sedan south on Thorne Avenue, and the cars came together at the southwest corner of the intersection. The respondent testified that she had been driving at 35 or 40 miles an hour but had slowed down farther north on Thorne Avenue; that as she approached the intersection in question she did not have her foot on the accelerator and was "rather coasting along"; that she looked to her left, the direction from which the appellant was coming, but was unable to see very far because of certain obstructions at that corner; and that just after she entered the intersection she saw the appellant's car which was then beyond a certain house and approaching at a very fast speed. It appears from other evidence that this house is about 130 feet from the intersection. She then testified that the appellant gave no indication of having seen her so she put her foot on the accelerator and speeded up.

The appellant testified that as he came over a rise some 400 feet east of this intersection he was traveling at from 35 to 40 miles an hour; that when he was opposite the east side of the house above referred to he observed the respondent's car coming south on Thorne Avenue; that he continued to watch it until both cars were about at the intersection from which time he did not see it until just as he collided with it; and that during the interim he was looking south on Thorne Avenue trying to make a turn and get his car parallel with the respondent's car in order to avoid an accident. He further testified that he applied his brakes when he first saw the respondent, at a point which other evidence shows to be

about 130 feet from the east line of Thorne Avenue; that at that time he applied his brakes without using much force and proceeded in that manner for a distance of 65 feet; that at that point he thought that an accident was possible and applied his brakes with the definite purpose of stopping as soon as possible; that when he had gone about half of the remaining distance to the beginning of the intersection, the brake locked his wheels; that the locked wheels left skid marks for about 60 feet from there to the point of collision; that when he thus entered the intersection he was going about 25 miles an hour; that he did not see which car entered the intersection first; and that he struck the respondent's car when it was practically through the intersection, the rear thereof being approximately on the south line of Clinton Avenue.

A disinterested eyewitness testified that the respondent's car entered the intersection first and that the rear wheels of the respondent's car were just going out of the intersection on the south when it was struck near its left rear wheel by the appellant's car.

The appellant's first point is that the court erred in giving an instruction reading as follows:

"It is a presumption of law that both the plaintiff (and) defendant J. Allan Hall were operating their automobiles at the time and place involved in the accident complained of at a careful and prudent speed, not greater than was reasonable and proper, having due regard to the traffic, surface and width of the highway, and that each of them was not operating their automobiles at such a speed or in such a manner as to endanger the life, limb or property of the plaintiff, and unless this presumption has been controverted by other evidence, direct or indirect, you are bound to find according to the presumption."

The main contention seems to be that such an instruction should not be given where the facts have been testified to by the parties. It would appear that this fact alone is not always conclusive on such a question. (*DeLannoy* v. *Grammatikos*, 126 Cal. App. 79 [14 Pac. (2d) 542].) In so far as the testimony of the respondent is called to our attention, she did not testify as to what was done by either party from the time she was just entering the intersection, when she saw the

appellant's car some distance up the road, until the time the collision occurred. The instruction applied the presumption alike to both parties and the record is silent as to which party offered it. However, the question as to whether the instruction should have been given need not be decided under the circumstance here appearing. The evidence of negligence on the part of the appellant is direct and positive, as shown by his own testimony, and the jury was fully instructed that it could not find for the respondent unless it found that the appellant was guilty of negligence and unless it further found that the respondent was not guilty of negligence which proximately contributed to the accident. In the face of the evidence and the other instructions, it is unreasonable to suppose that the jury could have been misled by this instruction or that it placed any reliance on this presumption, in view of the evidence which was before it. The error, if any, could not be held to be sufficiently prejudicial to justify a reversal in view of article VI, section 4½, of the Constitution. (*Rogers* v. *Interstate Transit Co.*, 212 Cal. 36 [297 Pac. 884].)

The appellant pleaded unavoidable accident as one defense and it is next urged that the court erred in refusing to give an instruction to the effect that if the jury found that in the accident in question the appellant was guilty of no fault or wrong and that the respondent's injury was the result of an unavoidable accident, no recovery could be had.

The facts as testified to by the appellant himself did not justify the giving of this instruction. (*Scandalis* v. *Jenny*, 132 Cal. App. 307 [22 Pac. (2d) 545]), and other evidence is even more unfavorable to him. Moreover, the main purport of this instruction is sufficiently covered by other instructions in which the court clearly defined the matter of negligence and told the jury that the appellant could not be held guilty of negligence unless he did something that an ordinarily prudent person would not have done or failed to do something that an ordinarily prudent person would have done, and that the verdict must be in his favor unless the plaintiff had established, by a preponderance of the evidence, that he was guilty of negligence which proximately caused the accident. The appellant argues that this is an exceedingly close case and that, under such circumstances, an instruction to this effect should be given. The evidence neither

justifies the conclusion that this was a close case nor supports the plea of unavoidable accident.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.