[Civ. No. 11030. Second Appellate District, Division Two.—August 29, 1936.]

RUDOLPH N. D'AVANZO et al., Respondents, v. ROSINA MANNO, Appellant.

Chase, Barnes & Chase for Appellant.

Benjamin W. Henderson and Mathew M. Pendo for Respondents.

CRAIL, P. J.—This appeal is from a judgment in favor of the plaintiffs in an action for damages for personal injuries. Defendant was driving an automobile upon the streets of Los Angeles after dark. She drove through a boulevard stop, made a U-turn at such a rate of speed that all four wheels "squealed" and at the end of the turn she climbed the curb and ran down the plaintiffs who had been standing there talking. During the argument to the jury, the counsel for defendant admitted the liability of the defendant and asked the jury to be reasonable in fixing the amount of damages.

During the direct examination of one of plaintiffs' witnesses the following occurred: Q. "Did she make any statement in your presence as to the accident?" A. "She made no statement whatsoever except that she was covered and she was not worrying about it." Attorney for defendant. "I move to strike that out, if the court please, and request the mistrial at this time. . . . " Thereupon the jury was excused while the court made an investigation to see whether or not the plaintiffs' attorney had acted in good faith or was guilty of misconduct. It developed in this investigation, and is a part of the record before us, that the plaintiffs' attorney not only warned this witness but two other witnesses not to say anything about the defendant's statement to them that she was insured. It developed further that the question was asked of the witness for the purpose of getting into the record an admission of the defendant which she made just after the accident that she was lost and that she had not turned far enough to make the turn. In the course of this investigation the motion to strike the answer was overlooked by the court or abandoned by the defendant. The court ruled as follows: "The Court will deny the motion to declare a mistrial."

■ The first contention of the defendant is that the court was guilty of prejudicial error in not striking the answer of the witness with regard to coverage as above set forth. But the motion to strike was waived by defendant's failure to press it. There was no ruling on the motion to strike and the question is not properly before this court.

The plaintiff contends on his part that the answer was proper. Somewhat similar answers have been permitted in other personal injury suits. (*Rowe* v. *Rennick*, 112 Cal. App. 576 [297 Pac. 603]; *Weiner* v. *Mizuta*, 6 Cal. App. (2d) 142 [44 Pac. (2d) 421].) But it is not necessary for us to determine that question.

■ The defendant next contends that the court was guilty of prejudicial error in not instructing the jury to disregard the evidence. A complete answer to this is that the defendant's counsel told the court that she did not wish any such instruction.

■ Defendant next contends that the court committed prejudicial error in denying defendant's motion for a mistrial. To grant or to deny the motion to declare a mistrial

under the circumstances of the case was a matter within the sound discretion of the trial court. In the case of *Rowe* v. *Rennick, supra,* it was said: " . . . where it appears from the testimony in the record that no verdict could have been rendered for defendant, the admission of testimony relative to insurance is not alone sufficient to authorize a reversal of judgment. It must further appear that the judgment returned was the result of passion or prejudice." Certainly in this case no verdict could have been rendered for the defendant, and the defendant does not claim in her brief that the verdict was the result of passion or prejudice. We are satisfied that the judgment should not be reversed on this ground.

 The defendant's final contention is that the court erred in refusing to give an instruction defining and stating the law in respect to inevitable accident. Under the circumstances of this case and especially the admission of liability by the defendant, the giving of such an instruction would have been inapplicable and unwarranted.

Judgment affirmed.

McComb, J., *pro tem.*, concurred.

Wood, J., concurred in the judgment.