[L. A. No. 21842. In Bank. May 8, 1951.]

LORETTA MAY PARKER, Respondent, v. ROY A. WOMACK et al., Appellants.

Ball, Hunt & Hart and Clarence S. Hunt for Appellants.

Delmar W. Doddridge for Respondent.

EDMONDS, J.—Loretta May Parker is suing for damages assertedly caused by the negligent operation of an automobile driven by Carl Womack. At the request of Womack, the jury was instructed that no recovery could be had if the accident were an unavoidable one. After the entry of judgment for Womack, a new trial was granted upon the ground that the instruction was prejudicially erroneous. The only question presented upon the appeal from that order concerns the propriety of the instruction.

Mrs. Parker alleged that she was driving her automobile in a northerly direction along Earl Avenue when it collided with one owned by Roy Womack˝and being driven in a negligent manner, westerly along 25th Street, by Carl Womack. The answer denied all negligence and pleaded that Mrs. Parker had been guilty of contributory negligence.

Each of the streets is 36 feet wide, with no marked center line. There were no traffic signs at the intersection. A house, trees, and other objects on the southeast corner obstructed the view of one traveling from east to west and also that of a northbound driver.

Mrs. Parker was familiar with the intersection. In describing it, she testified that a driver traveling north on Earl Avenue could not see traffic on 25th Street which was approaching from the east until the front of his automobile was approximately one foot north of the south curb line.

According to Mrs. Parker, in approaching 25th Street, when 5 or 6 feet from the intersection she decreased the speed of her car to less than 12 miles per hour and shifted into first gear. She looked to the west and, when her car was a foot or

more into the intersection, looked to the east. She saw a west-bound car approximately 75 or 100 feet from Earl Avenue, but formed no opinion as to its speed. She proceeded into the intersection at approximately the same speed, and did not again observe this vehicle until it was directly in front of her and about one foot away.

Roy Womack owned the westbound car, which was being driven with his consent by Carl Womack. Five other young people were in it. Carl testified that he had stopped his car at American Avenue, one block east of Earl Avenue. As he related the details concerning his operation of the automobile, after crossing American Avenue, he increased the speed to approximately 30 miles per hour, reducing it to 20 miles per hour as he reached the intersection where the accident occurred.

Continuing his testimony, Carl said that, although his view to the south on Earl Avenue was obstructed, at a point 100 feet east of the intersection he believed he could see traffic within 20 or 30 feet of 25th Street. When 50 feet or less from the intersection, he looked to the south, but saw no automobiles. As he entered the intersection, he looked to the north. He then turned to look to the south, and saw the Parker automobile "a couple of seconds" before the collision. At this time, the front of his automobile was more than 6 feet into the intersection and the Parker car was 6 or 7 feet south of the center of 25th Street. He did not apply the brakes.

The impact occurred in the northeast quadrant of the intersection, approximately 16 feet south of the north curb line of 25th Street and 10½ feet west of the east curb line of Earl Avenue. A reasonable conclusion to be drawn from the evidence regarding the damage to the vehicles is that the Parker automobile struck the side of the one driven by Womack at approximately its center.

Passengers in the Womack automobile testified that they were traveling approximately 20 miles per hour when entering the intersection. One of them estimated that when she first saw the Parker automobile, it was traveling at a speed of 20 miles per hour. Both vehicles, the witness said, were then in the intersection and an equal distance from the center of it.

Upon this evidence, the jury returned a verdict in favor of the Womacks. Mrs. Parker then moved for a new trial upon nine grounds. However, her points and authorities in support of the motion, and the argument at the hearing of it, were

limited to the sole point that the court erred in instructing the jury as follows: "In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it."

The minute order which records the action of the court in granting the motion does not specify the ground upon which it was made. However, unquestionably the new trial was ordered because the trial judge concluded that he had erred in instructing the jury regarding the rule of unavoidable accident.

Upon the appeal from that order, the Womacks contend that, as the issue of unavoidable accident is present in every case in which the defendant is not guilty as a matter of law, the challenged instruction was proper. Mrs. Parker argues that there is no evidence justifying the giving of the instruction because all of the testimony shows the happening of an accident which would not have occurred except for the negligence of one or both of the drivers.

■ The terms inevitable or unavoidable accident signify an injury which is caused by something other than the actionable negligence of the parties involved. The terms thus include one caused by *vis major*, which usually is defined as a greater or superior force, or an irresistible force. "A loss by *vis major* is one that results immediately from a natural cause without the intervention of man, and could not have been prevented by the exercise of prudence, diligence and care." (Black's Law Dictionary.)

■ An accident which is caused by an absence of *exceptional* foresight, skill or care which the law does not expect of the ordinarily prudent man is also characterized as inevitable or unavoidable. No redress is afforded for an injury caused by such an accident and the loss must be borne by the one upon whom it falls. (38 Am.Jur. § 6, pp. 648, 649; 65 C.J.S. § 21, pp. 429-434; 1 Shearman & Redfield on Negligence [rev.ed. 1941], § 32, pp. 86-90.) ■ Otherwise stated, and incorporating both factors which relieve one from liability, an accident is inevitable or unavoidable when it is not proximately caused by negligence. As recently defined by this court, ". . . the so-called defense of inevitable accident is nothing

more than a denial by defendant of negligence or a contention that his negligence, if any, was not the proximate cause of the injury." (*Polk* v. *City of Los Angeles,* 26 Cal.2d 519, 542, 543 [159 P.2d 931].) It need not be specially pleaded, but is raised by a general denial of negligence. (*Polk* v. *City of Los Angeles, supra,* at p. 542; *Martindale* v. *Atchison, T. & S. F. Ry. Co.,* 89 Cal.App.2d 400 [201 P.2d 48]; *Stevenson* v. *Fleming,* 47 Cal.App.2d 225 [117 P.2d 717]; *Schubkegel* v. *Dunn,* 31 Cal.App.2d 312 [87 P.2d 875]; *Sitkei* v. *Ralphs Grocery Co.,* 25 Cal.App.2d 294, 298 [77 P.2d 311]; *Pearce* v. *Elbe,* 98 Cal.App. 101, 105 [276 P. 389].)

 Upon a record which includes affirmative evidence tending to prove an accident proximately caused by circumstances beyond the control of an ordinarily prudent person, an instruction upon unavoidable accident has been held proper. Examples of such situations are an unforeseen failure of brakes (*Merry* v. *Knudsen Creamery Co.,* 94 Cal.App.2d 715 [211 P.2d 905]; *Alward* v. *Paola,* 79 Cal.App.2d 1 [179 P.2d 5]); the foot of an automobile driver becoming caught between the brake and clutch pedals (*Zaferis* v. *Bradley,* 28 Cal.App.2d 188 [82 P.2d 70]); the sudden appearance of a horse upon the highway (*Jolley* v. *Clemens,* 28 Cal.App.2d 55 [82 P.2d 51]); and a child darting into the street (*Creamer* v. *Cerrato,* 1 Cal.App.2d 441 [36 P.2d 1094]; *Graham* v. *Consolidated M. T. Co.,* 112 Cal.App. 648 [297 P. 617]).

But the application of the rule allowing the defense of unavoidable accident has not been limited to cases where the defendant relies upon evidence of a proximate cause beyond his control. An instruction stating the law regarding the right of a defendant from exemption from liability because the accident could not have been avoided has also been approved where there was no evidence that it was caused by any factor other than the lack of care. "The dominating consideration in dealing with the whole subject of inevitable accident, . . . is the elementary requirement that before a plaintiff can recover he must make out his case by the preponderance of all the evidence before the court or jury regardless of the stage of the case at which it may have appeared or the particular party who introduced it. To do this in a negligence case he must show that the defendant was negligent and the negligence was the proximate cause of the injury complained of. *But if the accident was inevitable or unavoidable that is the same thing as to say that the defendant was not negligent, or*

*that his negligence, if any, did not cause the accident. In other words, it is to say that the plaintiff has failed in his proof."* (*Jolley* v. *Clemens*, 28 Cal.App.2d 55, 72, 73 [82 P.2d 51] ; cited with approval in *Polk* v. *City of Los Angeles, supra*, at p. 543.)

■ Mrs. Parker asserts that the challenged instruction should not have been given because no evidence of any kind was offered by Womack tending to prove that something happened to cause the collision which he could not have avoided by the exercise of reasonable care. The argument erroneously assumes that the law imposed upon him the burden of defending a charge of negligence with affirmative proof of an unavoidable accident. The contrary is true. (*Polk* v. *City of Los Angeles, supra*, at p. 542.)

■ It is also suggested that where the evidence is such as that shown by the record in this case, an instruction upon the doctrine of unavoidable accident is improper because it may tend to divert the minds of the jurors from the decisive issues of the case; the defendant may escape liability because of some reason other than his freedom from negligence or the contributory negligence of the plaintiff. The contention might have some merit if the term "unavoidable accident" were limited to include only one caused by *vis major*. But a determination that an accident was unavoidable is also proper where the evidence merely shows ". . . that the plaintiff has failed in his proof." (*Jolley* v. *Clemens, supra*, at p. 73.)

■ Where an instruction defining such an accident is given at the request of the defendant, it cannot be said to have been harmful to the plaintiff "who in any event had the burden of proving that the collision was occasioned solely by the negligence of the . . . [defendant] which, of course, would exclude unavoidable accident." (*Pearce* v. *Elbe, supra*, at p. 106.)

In *Hyman* v. *Market Street Ry. Co.*, 41 Cal. App.2d 647 [107 P.2d 485], and *Scandalis* v. *Jenney*, 132 Cal.App. 307 [22 P.2d 545], it was held that the giving of an instruction concerning the rule of unavoidable accident was prejudicially erroneous. However, in each of these cases, the evidence established the negligence of the defendant as a matter of law. Under the evidence there was no question of negligence for the jury to decide. ■ Here no claim is made that Womack was negligent as a matter of law. Upon the evidence it was the duty of the jury to decide which, if either, of the drivers failed to use due case in entering the intersection

and the Womacks were entitled to have the jury instructed in regard to the rule of unavoidable accident.

█ As a general proposition, the determination as to whether an erroneous instruction was prejudicial and justifies the granting of a new trial is one which is .left to the trial court's discretion, and where a motion is granted upon that ground, the order will not be disturbed unless it appears that there has been an abuse of that discretion. However, when no error has been committed, there is no basis for the exercise of discretion. The statutory ground for granting a new trial because of the charge to the jury is that there has been an ". . . error in law, occurring at the trial. . . ." (Code Civ. Proc., § 657, subd. 7.) █ It follows that where, as in the present case, a new trial has been granted because of a correct instruction which the court should have given, and was given, there is no basis for the exercise of discretion. Under such circumstances, as a matter of law, there is no legal ground upon which a new trial may be ordered. (*Moran* v. *Abbey,* 63 Cal. 56.)

The order is reversed.

Gibson, C. J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent. The instruction on unavoidable accident should not have been given and the order granting a new trial should be affirmed on that ground.

The majority opinion states that, with relation to the evidence introduced in this case, an instruction on unavoidable accident is not improper because "the defense of unavoidable accident has not been limited to cases where the defendant relies upon evidence of a proximate cause beyond his control"; that "an accident is inevitable or unavoidable when it is not proximately caused by negligence." This argument proves too much. If an instruction on unavoidable accident does not add anything to instructions covering negligence, proximate cause, and the burden of proving those matters, there is no reason to give such an instruction (as pointed out in *Barr* v. *Hall,* 12 Cal.App.2d 489, at 492 [55 P.2d 1246]), and that instruction is improper at least where, as here, the jury is not clearly advised that the subjects covered by the other specific instructions are being repeated in a general and abstract manner. The definition included in the questioned instruction

—that the terms unavoidable or inevitable accident "simply denote an accident that occurred without having been proximately caused by negligence"—also shows that the instruction is not appropriate to this case. All the evidence here tends to establish that the collision was proximately caused by negligence of one or both of the drivers. The effect of the instruction is to apparently inject into the case a third element not specifically connected with the questions of negligence and contributory negligence.

In *Polk* v. *City of Los Angeles*, 26 Cal.2d 519 [159 P.2d 931], and *Jolley* v. *Clemens*, 28 Cal.App.2d 55 [82 P.2d 51], the *defendants* questioned the propriety of instructions stating that the *burden of proving* that an accident was unavoidable rested upon the defendants and the statements in those cases concerning unavoidable accident were addressed to that question. Moreover, the statement that a finding of unavoidable accident merely means that the plaintiff has failed to prove his case, further illustrates that an instruction on that matter is wholly unnecessary and is confusing in cases such as the present one.

*Hyman* v. *Market Street Ry. Co.*, 41 Cal.App.2d 647 [107 P.2d 485], is an analogous case in that the evidence therein indicated that negligence of one (or perhaps both) of the defendants proximately caused the accident. There the plaintiff, while a passenger on a streetcar owned and operated by one defendant, was injured by a collision with another streetcar owned and operated by the other defendant. It was held that the giving of an instruction on unavoidable accident was prejudicial error since there was no evidence of unavoidability. The majority opinion attempts to distinguish this case on the ground that "the evidence established the negligence of the defendant as a matter of law." But it is apparent from the following statement of the facts that *both* defendants were not negligent as a matter of law: "The motorman of each car testified that his car was at a complete stop when the other car ran into it. Passengers on each car corroborated the story of the motorman of their car." (41 Cal.App.2d at p. 648.) Had the doctrine announced in the majority opinion been adopted, it would have been held that the jury could have found that either of the defendants was free from fault and that therefore the accident was unavoidable as to such defendant.

In any event, we are not here concerned with whether or not the giving of the instruction would have required a reversal of

the judgment and the comments in .cases such as *Pearce* v. *Elbe,* 98 Cal.App. 101, 106 [276 P. 389], with respect to the likelihood of prejudice to a plaintiff from the instruction are not pertinent for the reason that the determination of that question is primarily for the trial court in passing upon a motion for a new trial. As stated in *Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, at 169 [153 P.2d 338]: "Upon an appeal from an order granting a new trial, all presumptions favor the order as against the verdict [citations] and the order will be affirmed if it may be sustained on any ground [citations] *although the reviewing court might have ruled differently in the first instance."* (Italics added.)

The opinion of the District Court of Appeal, Second Appellate District, prepared by Presiding Justice Shinn, correctly disposed of the issue presented on this appeal and I adopt that opinion, with some deletions, as follows [224 P.2d 25]:

"It is obvious that a finding that the collision was unavoidable would have had no support in the evidence. The only actors were the two drivers. No other car was involved, nor was the operation of either car impeded or influenced by any mechanical failure, obstruction, or extraneous force. If the accident could have been avoided by the exercise of ordinary care on the part of one driver or the other, or both, it was, of course, not unavoidable.

"An instruction on unavoidable accident is improper unless it is within the issues pleaded, and there is evidence of unavoidability. It is not enough that it be merely pleaded by a denial of negligence, or otherwise. In passing upon the sufficiency of the pleadings to warrant an instruction on unavoidable accident, it has sometimes been overlooked that there must also be supporting evidence.

"In the following cases it was held proper to instruct on unavoidable accident under defendant's denial of negligence, without considering whether there was evidence that would have supported a finding that the accident was unavoidable. (*Pearce* v. *Elbe,* 98 Cal.App. 101 [276 P. 389]; *Sitkei* v. *Ralphs Grocery Co.,* 25 Cal.App.2d 294 [77 P.2d 311]; *Schubkegel* v. *Dunn,* 31 Cal.App.2d 312 [87 P.2d 875]; *Stevenson* v. *Fleming,* 47 Cal.App.2d 225 [117 P.2d 717]; *Martindale* v. *Atchison, T. & S. F. Ry. Co.,* 89 Cal. App.2d 400 [201 P.2d 48].)

"In the following cases the instruction was held proper where there was evidence that the accident was unavoidable. (*Graham* v. *Consolidated M. T. Co.*, 112 Cal.App. 648 [297 P. 617] (child ran into street); *Creamer* v. *Cerrato*, 1 Cal. App.2d 441 [36 P.2d 1094] (same); *Jolley* v. *Clemens*, 28 Cal. App.2d 55 [82 P.2d 51] (horse suddenly appeared on highway); *Zaferis* v. *Bradley*, 28 Cal.App.2d 188 [82 P.2d 70] (driver's foot became wedged between pedals); *Smith* v. *Harger*, 84 Cal.App.2d 361 [191 P.2d 25] (small boy pushing on back of dump truck); *Merry* v. *Knudsen Creamery Co.*, 94 Cal.App.2d 715 [211 P.2d 905] (brake failure).)

"In *Jacques* v. *Southern Pac. Co.*, 8 Cal.App.2d 738 [48 P.2d 63], *Barr* v. *Hall*, 12 Cal.App.2d 489, 492 [55 P.2d 1246], and *D'Avanzo* v. *Manno*, 16 Cal.App.2d 346 [60 P.2d 524], it was held proper to refuse the instruction where there was no evidence that would have supported a finding of unavoidable accident. In *Jacques* v. *Southern Pac. Co.*, *supra*, the court said (p. 741): 'There was no evidence upon which this instruction could be based. All the evidence tended to support the respective theories of the two parties—one, that the accident was due to the careless and negligent operation of the train, the other, that it was due to respondent's negligence in running in front of the moving train. The evidence all tended to prove the respective theories—that the accident was not unavoidable but that it could have been avoided by the other party.' This statement fits our case precisely. . . .

"In the present case, the instruction not only tended to divert the minds of the jurors from the decisive issues of negligence and contributory negligence, but suggested that under the evidence the defendants might be held blameless for some reason other than their freedom from negligence or contributory negligence on the part of plaintiff. In view of the evidence we have stated we can conceive of no theory under which the accident could have been found to be unavoidable, unless it be that collisions at intersections, where the views of the drivers are obstructed, are bound to occur, and therefore may be deemed unavoidable. This would be a highly unreasonable theory, but appellants have suggested no better one. They say: 'From the evidence adduced, the jury could have found that defendant Womack exercised reasonable care in the control of his automobile,' and also, 'accepting plaintiff's version, it might well be, that a jury could conclude her conduct was not negligent.' Without comment on these statements, we add that the jury could not

reasonably have found both parties to have been free from negligence. Appellants' analysis of the evidence and their arguments tend to emphasize the fact that the accident was not unavoidable.

"Where a new trial is granted for the reason that an erroneous instruction was prejudicial to the rights of the moving party, the order will not be reversed unless it can be said that the ruling was an abuse of discretion. (*Nance* v. *Fresno City Lines, Inc.*, 44 Cal.App.2d 868 [113 P.2d 244] ; *Middleton* v. *California St. Cable Ry. Co.*, 73 Cal.App.2d 641 [167 P.2d 239] ; *Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165 [153 P.2d 338] ; *Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256 [143 P.2d 929] ; *Copley* v. *Putter*, 93 Cal.App.2d 453 [207 P.2d 876] ; *Jones* v. *Scurlock*, 96 Cal.App.2d 201 [214 P.2d 599].) The order granting a new trial was not an abuse of discretion, but, upon the contrary, was a proper one for the court to make."

For the reasons stated I would affirm the order granting a new trial.

Shenk, J., concurred.