[Civ. No. 19080.  Second Dist., Div. Three.  Nov. 10, 1952.]

FRANK L. LYNCH, Appellant, v. MARY D. DEFINO, Respondent.

Arthur Strock and A. Stewart Maddox, Jr., for Appellant.

Parker, Stanbury, Reese & McGee and R. S. Harrington for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendant entered on a verdict of a jury in an action for damages for personal injuries.

Plaintiff, a motorcycle officer, in pursuit of a suspected traffic violator, in broad daylight, was northbound on his motorcycle on Lankershim Boulevard in Los Angeles. Defendant, southbound in an automobile, was making a left turn at the intersection of Oxnard Street. Plaintiff's motorcycle went down in the intersection, and he was injured. Apparently he was attempting to avoid a collision with defendant's automobile.

The specifications of error are (1) the trial judge erred and deprived plaintiff of a fair trial, and the appearance of a fair trial, by not allowing him to introduce evidence to refute evidence introduced by defendant for the purpose of impeaching plaintiff; (2) the trial judge committed prejudicial error by inaccurately restating evidence to the jury, and by accusing plaintiff's counsel in the presence of the jury of distorting testimony, which accusation was without foundation in fact or any other justification; (3) the trial judge committed prejudicial error by inaccurately accusing plaintiff's counsel of delaying the progress of the trial; (4) the court erred in giving an instruction on unavoidable accident.

1. Plaintiff was a witness in his own behalf. On cross-examination, defendant's counsel sought to impeach him by a statement he had made to Sergeant Cudlip, a police officer, at a hospital the evening of the accident. The statement was in the form of a report called "Sick and Injury Report," signed by plaintiff, and had been on file with the police department from the time it was taken. When plaintiff had completed his case, his counsel asked the court: "May I rest, sir, at this time subject to my right to call Officer Cudlip or make appropriate motions as to the testimony which has already been introduced on behalf of the defendant? THE COURT: Yes." When defendant rested on a Thursday, counsel for plaintiff asked the court "for a recess until Monday morning so that I can put on Sergeant Cudlip to know what actually happened in that hospital." The motion was denied. However, the cause was continued to the following Monday, at which time counsel for plaintiff did not make any further reference to Sergeant Cudlip, plaintiff testified briefly, and the cause was argued.

Error is assigned in the denial of the motion for a recess from Thursday to Monday so plaintiff could "put on Sergeant Cudlip." There was no prejudicial error. The

complaint was filed on June 15, 1950. The trial began October 9, 1951. There was no showing of diligence. No showing was made as to why plaintiff's counsel, in the preparation of his case, had not discovered the existence of the "Sick and Injury Report" which showed on its face that it had been taken by Sergeant Cudlip. Its contents and the name of Sergeant Cudlip were included in the regular "Accident Investigation Report" which was on file with the police department. No showing was made as to why plaintiff's counsel had not examined the "Accident Investigation Report" before the trial. No showing was made as to why plaintiff's counsel had not discovered that Sergeant Cudlip might be a material witness and placed him under subpoena. No indication was made to the court with respect to what plaintiff expected to prove by Sergeant Cudlip except "to know what actually happened in that hospital." It is obvious plaintiff's counsel had no knowledge as to whether Sergeant Cudlip's testimony would be favorable or unfavorable.

2. A witness called by plaintiff testified on direct examination that at the moment the motorcycle went by him, he saw defendant's automobile "just leaving the intersection, or it was about in my lane of traffic." On cross-examination the following occurred: "Q. In answer to Mr. Strock's question, I think you told us, you said first that when the motorcycle came by you on your right side, at the very moment it passed you, you first said that Miss Defino's car was in the crosswalk, and then you said 'no, I think perhaps in my lane of traffic.' Do you recall saying that in substance? A. Yes. MR. STROCK: [Attorney for plaintiff] I beg pardon; that is a misstatement of the evidence. THE COURT: The witness testified; he said it was true. MR. STROCK: I object to that on the ground he put that in his mouth, as to what he desired, by improper cross-examination. The testimony was that she was getting out of the intersection. The crosswalk was not in his testimony. THE COURT: I will say it was. You immediately picked him up and had him in a different position. But the beginning of his testimony was that it was in the crosswalk. I will ask him that question. Q. When you first observed the defendant's car, was it in the crosswalk or in the intersection, or half and half, or how? A. When I first observed it? Q. Yes. A. It was setting still at the middle of the intersection. Q. When you saw it pass, was it in the intersection? A. As the officer passed me? Q. Yes. A. She was directly in front of me and the officer.

Q. What with regard to the intersection? A. I would say she wasn't out of the intersection. She hadn't started across the crosswalk yet. Q. Was she in the crosswalk? A. No, sir.''

The argument is that the trial judge incorrectly informed plaintiff's counsel, in the presence of the jury, that he deliberately caused a witness to change his testimony to plaintiff's prejudice. The point is trivial. The witness, in response to a proper leading question on cross-examination, testified that defendant's automobile was in the crosswalk at the moment in question. When plaintiff's counsel questioned the fact, the court took over, and the matter was fully clarified.

3. A witness for defendant testified briefly relative to the ''Sick and Injury Report.'' Plaintiff's counsel cross-examined the witness on matters which were not particularly material. On redirect examination, the following occurred: ''MR. STROCK: [Attorney for plaintiff] Just a minute. This [the report] has been secondary evidence for quite a while. He should put it in evidence rather than having this man tell us what is on it. I have somewhat fallen into the same error. The objection would have been good to my questions too. THE COURT: What are your objections? MR. STROCK: I object to this man telling us what's on it. Let's put it in evidence. If he wants it in evidence, and let the jury see it. THE COURT: I don't think we should limit him. If we had limited you to that this case would have been over two days ago, or a day ago. Go ahead.''

The error assigned is that the comments of the trial judge were prejudicial. The point is farfetched and trivial. Counsel admitted he went far afield in his cross-examination. He cannot complain because the trial judge told him that defendant should not be limited in his examination since he had not been limited.

The court gave an instruction on unavoidable accident. Plaintiff assigns error. In *Parker* v. *Womack*, 37 Cal.2d 116, the court said (pp. 121-122 [230 P.2d 823]): ''Upon a record which includes affirmative evidence tending to prove an accident proximately caused by circumstances beyond the control of an ordinarily prudent person, an instruction upon unavoidable accident has been held proper. . . . An instruction stating the law regarding the right of a defendant from exemption from liability because the accident could not have been avoided has also been approved where there was no evidence that it was caused by any factor other than the

lack of care. . . . In *Hyman* v. *Market Street Ry. Co.*, 41 Cal. App.2d 647 [107 P.2d 485]; and *Scandalis* v. *Jenney*, 132 Cal.App. 307 [22 P.2d 545], it was held that the giving of an instruction concerning the rule of unavoidable accident was prejudicially erroneous. However, in each of these cases, the evidence established the negligence of the defendant as a matter of law. Under the evidence there was no question of negligence for the jury to decide.''

Plaintiff argues that defendant was negligent as a matter of law, and that, therefore, it was error to give the instruction. Defendant entered the intersection with the green light and came to a stop while yielding to opposite bound traffic. She made a proper signal for a left turn. After she started the turn, the lights changed to ''caution,'' and then to ''stop'' for north-and-southbound traffic on Lankershim. She proceeded slowly at 10 to 13 miles an hour while turning, and was about at the crosswalk when she heard the siren of the northbound motorcycle. The motorcycle passed behind her. There was no contact between the vehicles. Plaintiff was travelling from 40 to 45 miles an hour, and ran the red light with his siren on. He applied his brakes, and the motorcycle skidded out of control. Defendant's view of the motorcycle, as she was making her turn, was obscured by several automobiles which had stopped at the south edge of the intersection in obedience to the red light. One of plaintiff's witnesses heard the siren four seconds before the accident. The jury could have inferred from plaintiff's statement to Sergeant Cudlip that he turned his siren on 2½ seconds before he entered the intersection.

The state of the evidence was such that the jury could have found that the accident happened without negligence on the part of either party, and that the real cause of the accident was the skidding of plaintiff's motorcycle. The rule stated in *Parker* v. *Womack, supra,* 37 Cal.2d 116, is applicable. The court stated (p. 120): ''The terms inevitable or unavoidable accident signify an injury which is caused by something other than the actionable negligence of the parties involved. . . . Otherwise stated, and incorporating both factors which relieve one from liability [absence of failure to use ordinary care or extraordinary care, where not demanded], an accident is inevitable or unavoidable when it is not proximately caused by negligence.''

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.