AGEE, J. pro tem.*
This is an action for damages for personal injuries. The jury returned a verdict for defendant. Plaintiff’s motion for a new trial was granted and defendant appeals from such order. Plaintiff then cross-appealed from the judgment entered upon the verdict.
Defendant is the owner of real property improved by a one-story duplex. Between the two units is a double garage. A cement driveway runs from the street to the garage. It serves as a pedestrian walkway as well as an automobile driveway. Each unit has a short walkway extending from the end of the driveway to the front door. The driveway is 16% feet wide and 17 feet long. At a point 8 feet in from the street there is a step off or drop in the level of the driveway of 1 inch to 1% inches. This runs in a straight line directly across the driveway for its entire width. This difference in levels had existed from the time of construction, which was six years before.
On Sunday, October 3, 1954, about 1:30 p. m., at the request of a tenant, plaintiff drove to the premises, parked her automobile on the street in front, got out and went in *197 to see the tenant. The day was bright and sunny. The driveway was clean and unobstructed. Plaintiff walked down the driveway to the front door of the tenant’s unit without incident. She did not notice the step-down or difference in levels previously described. After attending to her business with the tenant, plaintiff left by the same route. When she reached what would then be for her the step-up she stubbed the toe of her right shoe thereon and fell, sustaining injury to her left leg and left arm.
Plaintiff’s complaint charged negligent maintenance of the driveway by reason of the condition herein described. Defendant’s answer denied ownership of the premises, denied negligence on his part, alleged contributory negligence by plaintiff, and that the accident was unavoidable insofar as he was concerned.
The trial court granted plaintiff a new trial after the jury verdict against her on the sole ground that it had erred in instructing the jury on “unavoidable accident.”
Defendant first contends that there is no evidence that he owned the property and that therefore the jury was required to return a verdict in his favor, regardless of anything else that occurred in the trial. The only evidence as to ownership was the testimony of defendant, who was called by plaintiff as an adverse witness under the provisions of section 2055 of the Code of Civil Procedure. He testified that he lived in one unit and the tenant who was visited by plaintiff lived in the other; that he had been living there for the past six years; that the driveway had been in the same condition as that complained of by plaintiff since construction. The record then shows as follows: “Q. [By plaintiff’s attorney] : Mr. Schneider, is there any sidewalk other than this driveway that runs from the street to your house? A. No. Q. And does that cover both your house and the tenant’s house? A. Tes. Q. And who were the tenants that day? A. Geller. Q. Geller? A. Tes. Q. Was there any other means of access from the street to the Geller’s house without crossing lawn? A. No.” (Emphasis added.) His own attorney asked defendant the following question and received the following answer: “Q. Is there a sidewalk in front of your place? A. No, there is—that’s what I—this part that’s level was primarily put there for a sidewalk.” (Emphasis added.) This is all of the testimony as to ownership but we hold that it is sufficient to support an inference that defendant owned the premises.
*198 This point might be termed a ‘ ‘ sleeper. ’ ’ When plaintiff rested, defendant rested. There was no motion for non-suit or directed verdict. The attorneys then argued the case to the jury. The court then instructed the jury and included the standard instructions on the duty of a landlord. Appellant was the sole defendant. The trial judge could not have been referring to anyone other than defendant when instructing on the duty owed by a landlord. Plaintiff’s motion for a new trial was orally argued. Thereafter the trial judge wrote an opinion on the points raised in such argument and no mention was made of any issue as to ownership. It is quite evident that defendant is now raising this point for the first time. (See 3 Cal.Jur.2d, “Appeal and Error,” § 140, as to waiver and estoppel on this ground.)
The next question is whether it was error for the trial court to instruct on “unavoidable accident.” The trial judge thought that it was and based his order granting a new trial upon this ground. Parker v. Womack, 37 Cal.2d 116 [230 P.2d 823], is directly applicable and decisive as to this point. Where a defendant is not guilty of negligence as a matter of law the giving of an instruction on unavoidable accident is not error. In Parker v. Womack, supra, the trial court had granted a new trial because it gave an instruction on unavoidable accident when there was no evidence of causation other than through negligence of the parties. The Supreme Court reversed the order granting a new trial. In Driver v. Norman, 106 Cal.App.2d 725 [236 P.2d 6], the trial court likewise granted plaintiff’s motion for a new trial on the ground that it had erred in instructing on unavoidable accident. Plaintiff argued on appeal that defendant was guilty of negligence as a matter of law because he had violated a pedestrian’s right of way, followed another vehicle too closely and failed to maintain a proper lookout. The appellate court reviewed the evidence and concluded that defendant’s conduct was not such that it could say that reasonable men could and must draw only the inference of negligence. The order granting the new trial was therefore reversed.
In this case it cannot be said that the maintenance of the driveway in the condition shown by the evidence amounts to negligence as a matter of law. It was therefore not error to instruct the jury on unavoidable accident and the granting of a new trial upon the ground stated was improper.
This court is opposed to the giving of an instruction *199 on unavoidable accident when the accident could not have happened except for the negligence of either party or both. (See McMillen v. Southern Pac. Co., 146 Cal.App.2d 216, 221-222 [303 P.2d 788], where this court felt bound to follow the majority opinion in Parker v. Womack, supra.) In such a situation it is not error for a trial court to refuse to give such instruction. (Lloyd v. Southern Pac. Co., 111 Cal.App.2d 626 [245 P.2d 583].) Where the trial court does give the instruction, however, the majority and not the dissenting opinion in Parker v. Womack, supra, is controlling on us. Moreover, it must be noted that in the instant case it is completely reasonable to infer that plaintiff’s accident happened without having been caused by negligence of either party. The difference in level of 1 inch to 1*4 inches is very little and the maintenance of the driveway in such condition could well be held not to be negligence. On the other hand, it also can reasonably be inferred that plaintiff was not herself negligent. Her failure to notice the condition that caused her fall does not necessarily make her so. Hence, the instruction does not appear to be subject to the criticism made in the dissenting opinion in Parker v. Womack, supra.
Plaintiff suggests that the granting of a new trial is largely within the discretion of the trial court. The same point was made in Parker v. Womack, supra, and the Supreme Court said, at page 123: “As a general proposition, the determination as to whether an erroneous instruction was prejudicial and justifies the granting of a new trial is one which is left to the trial court’s discretion, and where a motion is granted upon that ground, the order will not be disturbed unless it appears that there has been an abuse of that discretion. However, when no error has been committed, there is no basis for the exercise of discretion.”
By way of cross-appeal, plaintiff contends that she made out a prima facie case of negligence on defendant’s part and defendant did not present any contradictory evidence. On this basis, plaintiff contends that the judgment entered upon the jury’s verdict should be reversed. As we have already stated, reasonable minds could differ on this issue and the jury was not required to find defendant guilty of negligence even though the evidence as to the condition of the driveway was undisputed.
Plaintiff also contends that the judgment should be reversed upon the ground that the trial court should not have instructed on contributory negligence. Her argument is *200 that she was the only witness who testified as to the circumstances pertaining to the fall and that her testimony “was not such that it could give rise to any conclusion or implication of negligence on her part.” This is something upon which reasonable minds could differ. Plaintiff admitted that she did not look down at any time or observe the surface of the driveway where she was walking. The day was bright and sunny and the condition complained of was plainly visible to anyone who looked. Plaintiff gave no explanation as to why she did not look. She was impeached in numerous ways by testimony given in her deposition which she admitted was not true. The record in this case does not present a situation where the jury was required to conclude that there was no contributory negligence. The evidence was sufficient to support such a finding. This being so, it was proper to instruct on contributory negligence.
The two points raised by plaintiff on her cross-appeal are also, pertinent to the main appeal because an appellate court must affirm an order granting a new trial if such order can be sustained for any cause included within the grounds stated in the notice of intention to move for a new trial. (Dynes v. Bekins Van & Storage Co., 175 Cal. 72, 73 [165 P. 12].) However, we have found nothing in the record which would support the granting of a new trial.
The order granting a new trial is reversed and the judgment entered upon the jury’s verdict is affirmed.
Peters, P. J., and Bray, J., concurred.
A petition for a rehearing was denied April 17, 1957, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied May 15, 1957. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.

 Assigned by Chairman of Judicial Council.